UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

SABAS MARTINEZ,

                                Plaintiff,

        v.                                                  9:23-CV-0042
                                                            (DNH/ML)

LYNN J. LILLEY, et al.,

                                Defendants.
_____

APPEARANCES:

SABAS MARTINEZ
16-A-5124
Plaintiff, pro se
Eastern NY Correctional Facility
Box 338
Napanoch, NY 12458

DAVID N. HURD
United States District Judge

## DECISION and ORDER

## I. INTRODUCTION

      This is an initial review of a complaint filed by pro se plaintiff Sabas Martinez ("Martinez" or "plaintiff") in January 2023. Dkt. No. 1 ("Compl."). Plaintiff, who is presently incarcerated at Eastern NY Correctional Facility ("Eastern C.F."), has not paid the statutory filing fee for this action and filed an application to proceed in forma pauperis ("IFP"). Dkt. No. 9 ("IFP Application"). Plaintiff also filed a motion to consolidate. Dkt. No. 8.

## II. IFP APPLICATION

      Where, as here, a plaintiff seeks leave to proceed IFP, the reviewing court must

determine whether the plaintiff has demonstrated sufficient economic need to proceed without prepaying, in full, the $402.00 filing fee.

In addition, the court must also determine whether the three strikes provision of 28 U.S.C. § 1915(g) ("Section 1915(g)") bars the plaintiff from proceeding IFP and without prepayment of the filing fee. Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Finally, if the plaintiff is indigent and not barred by Section 1915(g), the reviewing court must also consider whether the causes of action stated in the complaint are, *inter alia,* frivolous or malicious, or if they fail to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b)(1).

Martinez has demonstrated sufficient economic need and has filed the inmate authorization form required in the Northern District of New York. Dkt. Nos. 5, 9. Accordingly, the Court must determine whether plaintiff has three strikes and, if so, whether he is entitled to invoke the imminent danger exception to that rule. *See* 28 U.S.C. § 1915(g).

**A. <u>Determination of "Three Strikes"</u>**

As an initial matter, a court performing a "three strikes" analysis must determine the date on which the plaintiff "brought" the action for purposes of 28 U.S.C. § 1915(g). Under the "prison mailbox rule," the date of filing is deemed to be the date that the prisoner–plaintiff

2

delivered his complaint to a prison guard for mailing. In turn, that date of delivery to a prison guard is ordinarily presumed to be the date that the complaint was signed. *See, e.g.*, *Houston v. Lack*, 487 U.S. 266, 276 (1988). Accordingly, Martinez "brought" this action on December 28, 2022. *See* Compl. at 1.

The Court has reviewed Martinez's litigation history on the Federal Judiciary's Public Access to Court Electronic Records ("PACER") Service.[1] On the basis of that review, the Court notes that, prior to the date that plaintiff brought this action, plaintiff was a frequent litigator in the federal courts and is well aware of the "three strikes" rule. The three strikes rule set forth in Section 1915(g) has been enforced against plaintiff in this District beginning in 2021. *See Martinez v. The State of New York*, No. 9:21-CV-1033 (BKS/DJS), Decision and Order (N.D.N.Y. filed Nov. 2, 2021) (listing four cases previously dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted).[2]

The Second Circuit has held that a district court may rely on the docket sheets for the actions found to constitute strikes to ascertain whether the three strikes limitation applies if it may be determined with sufficient clarity that the prior suits were dismissed on the grounds

---

[1] *See* U.S. Party/Case Index <http://pacer.uspci.uscourts.gov/cgi-bin/dquery.pl> (last visited Apr. 20, 2023).

[2] The actions and appeals found to constitute "strikes" were: *See Martinez v. The Judges Authority in the Unified Court System of Suffolk County, et al.*, No. 2:13-CV-4215, Order, Dkt. No. 7 (E.D.N.Y. Oct. 31, 2013) (dismissing plaintiff's civil rights action in accordance with 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim); *Martinez v. Healy, et al.*, No. 7:14-CV-0302, Opinion and Order, Dkt. No. 39 (S.D.N.Y. Oct. 10, 2014) (dismissing plaintiff's civil rights action with prejudice pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim); *Martinez v. DeMarco, et al.*, No. 2:13-CV-4209, Order, Dkt. No. 61 (E.D.N.Y. Feb. 28, 2018) (dismissing plaintiff's civil rights action with prejudice for failure to state a claim upon which relief may be granted); *Martinez v. Demarco, et al.*, No. 18-871, Dkt. No. 102 (Second Circuit Mandate issued Sept. 12, 2019 dismissing plaintiff's appeal as lacking an arguable basis in law or in fact, pursuant to 28 U.S.C. § 1915(e)).

that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. *See Harris v. City of New York*, 607 F.3d 18, 23-24 (2d Cir. 2010). After reviewing these decisions, as well as the docket sheets for the actions found to constitute strikes, this Court likewise finds that plaintiff acquired three strikes prior to commencing this action in December 2022.

Thus, unless it appears that the "imminent danger" exception to the "three strikes" rule is applicable in this action, plaintiff may not proceed IFP.

### B.  The "Imminent Danger" Exception

Congress enacted the "imminent danger" exception as a "safety valve" to prevent impending harms to prisoners otherwise barred from proceeding IFP. *Malik v. McGinnis*, 293 F.3d 559, 563 (2d Cir. 2002).

"[F]or a prisoner to qualify for the imminent danger exception, the danger must be present when he files his complaint—in other words, a three-strikes litigant is not excepted from the filing fee if he alleges a danger that has dissipated by the time a complaint is filed." *Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009) (citation omitted); *see also Polanco v. Hopkins*, 510 F.3d 152, 155 (2d Cir. 2007) (stating that imminent danger claims must be evaluated at the time the complaint is filed, rather than at the time of the events alleged).

Importantly, though, section 1915(g) allows a three-strikes litigant to proceed in forma pauperis only when there exists an adequate nexus between the claims he seeks to pursue and the imminent danger he alleges. *Pettus*, 554 F.3d at 296. In deciding whether such a nexus exists, the Second Circuit has instructs the courts to consider "(1) whether the imminent danger of serious physical injury that a three-strikes litigant alleges is *fairly*

*traceable* to unlawful conduct asserted in the complaint, and (2) whether a favorable judicial outcome would redress that injury." *Id*. at 298-99.

Generally speaking, the allegations relevant to the "imminent danger" inquiry "are those in which [the plaintiff] describes physical injury, threats of violence, and deprivation of medical treatment." *Chavis v. Chappius*, 618 F.3d 162, 165 (2d Cir. 2010). Under this exception, an inmate who has had three prior strikes must show that he was under imminent danger at the time of filing in order to proceed in forma pauperis, but the exception does not provide a basis to avoid application of the three strikes on the basis of past harm. *Malik*, 293 F.3d at 562–63.

The term "serious physical injury" in section 1915(g) is not defined. However, the Second Circuit has described the nature of the Court's inquiry regarding imminent danger as follows: "although the feared physical injury must be serious, we should not make an overly detailed inquiry into whether the allegations qualify for the exception, because § 1915(g) concerns only a threshold procedural question, while [s]eparate PLRA provisions are directed at screening out meritless suits early on." *Chavis*, 618 F.3d at 169-70 (*quoting Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007)) (internal quotation marks omitted). "[T]hough [a court] is obligated to draw the most favorable inferences that [a pro se plaintiff's] complaint supports, [the court] cannot invent factual allegations that [the plaintiff] has not pled." *Id.* Thus, "[a] court may find that a complaint does not satisfy the 'imminent danger' exception if the complainant's 'claims of imminent danger are conclusory or ridiculous.' " *Id*. (quoting *Ciarpaglini v. Saini*, 352 F.3d 328, 331 (7th Cir. 2003)).

Plaintiff filed this action in December 2022, while incarcerated at Eastern C.F.  *See*

Compl. at 3. The claims in the complaint arise from incidents that allegedly occurred while plaintiff was incarcerated in at Eastern C.F. in April 2021 and April 2022. *See generally* Compl. Plaintiff alleges that on April 25, 2021 and April 13, 2022, "defendants" sexually assaulted him. *Id*. at 4. Plaintiff also claims "defendants" retaliated against him and subjected him to excessive force by "flowing [his] cell, wetting all legal importantly [sic] court[] papers" and filing a "false instrument." *Id*. at 4-5.

Plaintiff's allegations of wrongdoing, even if true, do not demonstrate that plaintiff faced an "imminent danger of serious physical injury" from defendants when he filed this action. The complaint lacks any facts or details related to the alleged sexual assault, excessive force, retaliation, or destruction of legal documents. In fact, plaintiff identified forty-four individuals as defendants and repeatedly refers to "defendants," collectively, without specifying which defendant was personally involved in the alleged incidents. *See Lawson v. Ruskin*, No. 08-CV-321, 2008 WL 1902218, at *2 (E.D.N.Y. Apr. 25, 2008) (explaining that "lumping all [d]efendants [. . .] together without specifying what actions were taken, and by whom, to violate his rights" was insufficient to meet pleading requirements) (citation omitted). Moreover, any danger posed by defendants' alleged misconduct had dissipated by the time plaintiff signed his complaint in December 2022, approximately nine months after the events that allegedly occurred in April 2022. *See Pettus*, 554 F.3d at 296.

Construing the complaint with the leniency that must be afforded to a pro se litigant, *see Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996), plaintiff has failed to plead facts suggesting that "imminent danger" was present when he filed his complaint – sufficient to place him within the exception provided by Section 1915(g). *See Flemming v. Kemp*, No.

6

09-CV-1185 (TJM/DRH), 2010 WL 3724031, at *2 (N.D.N.Y. Aug. 19, 2010) (citing *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002) (The imminent danger exception is available "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate.")).

Based upon the foregoing, the Court finds that plaintiff is barred under Section 1915(g) from proceeding with this action in forma pauperis because he has three "strikes" and has not demonstrated the applicability of the "imminent danger" exception.

### III. **SUA SPONTE REVIEW OF COMPLAINT**

#### A. **Legal Standard**

Ordinarily, this would end the Court's analysis, and the action would be dismissed unless plaintiff files an amended complaint with factual allegations sufficient to plausibly suggest that he faced an "imminent danger of serious physical injury" from one or more of the named defendants when he filed this action or pays the filing fee in full within thirty (30) days of the date of this Decision and Order.  However, 28 U.S.C. § 1915(e)(2)(B) makes clear that, "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that – . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

Similarly, Section 1915A(b) directs that a court must review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is

7

immune from such relief." 28 U.S.C. § 1915A(b).  Moreover, the Court possesses the inherent power to sua sponte dismiss pro se complaint based on frivolousness.  *See, e.g., Fitzgerald v. First E. Seventh St. Tenants Corp*., 221 F.3d 362, 363 (2d Cir. 2000) (recognizing that district court has power to sua sponte dismiss pro se complaint based on frivolousness notwithstanding fact that plaintiff has paid statutory filing fee).

In reviewing a pro se complaint, the court has a duty to show liberality toward pro se litigants, *see Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and should exercise "extreme caution . . . in ordering sua sponte dismissal of a pro se complaint before the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond."  *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983) (internal citations omitted).  Therefore, a court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Although the court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."  *Id.*  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id*. (citing *Twombly*, 550 U.S. at 555).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.' "  *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

8

Additionally, when reviewing a complaint, the Court may also look to the Federal Rules of Civil Procedure. Rule 8 of the Federal Rules of Civil Procedure provides that a pleading which sets forth a claim for relief shall contain, *inter alia,* "a short and plain statement of the claim showing that the pleader is entitled to relief." *See* Fed. R. Civ. P. 8(a)(2). The purpose of Rule 8 "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." *Hudson v. Artuz*, No. 95 Civ. 4768, 1998 WL 832708, at *1 (S.D.N.Y. Nov. 30, 1998) (quoting *Powell v. Marine Midland Bank*, No. 95-CV-0063 (TJM), 162 F.R.D. 15, 16 (N.D.N.Y. June 23, 1995) (other citations omitted)).

### B. Analysis

The complaint contains factual allegations, arising from plaintiff's confinement at Eastern C.F., including sexual assault, interference with plaintiff's access to the courts, retaliation, excessive force, false misbehavior reports, denial of equal protection, and conspiracy. *See generally* Compl. Plaintiff also alleges defendants "acted under the color of law." *See id.* at 8. Plaintiff wrote his complaint on a form complaint entitled "Criminal Complaint" and referenced 18 U.S.C.A. §§ 241, 242, 1592 and 42 U.S.C. § 1203 however, based upon the facts set forth in the pleading and, affording plaintiff the special solicitude required of a pro se litigant, the Court construed the complaint as a civil rights action.

On January 12, 2023, the Court issued an Order and administratively closed the action because plaintiff failed to pay the statutory filing fee or seek IFP status. Dkt. No. 2 (the "January Order"). Plaintiff was directed to either (1) pay the $402.00 filing fee in full; or (2) submit a completed and signed IFP application. *Id*.

In response to the January Order, plaintiff filed a letter explaining that he did not

intend to file a civil complaint pursuant to Section 1983. Dkt. No. 3. Rather, plaintiff intended the submission to be a "Criminal Felony Complaint" and sought to "press criminal charges against all the defendants."[3]  *Id.*  Plaintiff asked the Court to "refile" his submission as a "criminal felony complaint" and forward a copy to the U.S. Attorney.  *Id*.

"[I]t is well-settled that a private citizen does not have a constitutional right to bring a criminal complaint against another individual." *Price v. Hasly*, No. 04-CV-0090, 2004 WL 1305744, at *2 (W.D.N.Y. June 8, 2004) (citing *Leeke v. Timmerman*, 454 U.S. 83 (1981); *Linda R.S. v. Richard D*., 410 U.S. 614 (1973); *Ostrowski v. Mehltretter*, 20 Fed. App'x. 87 (2d Cir. 2001)). "[C]rimes are prosecuted by the government, not by private parties." *Tuff v. Guzman*, No. 6:12-CV-550 (GTS/DEP), 2012 WL 4006463, at *4 (N.D.N.Y. May 4, 2012) (citing *Connecticut Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 86–87 (2d Cir. 1972)), *report and recommendation adopted*, 2012 WL 4006429 (N.D.N.Y. Sept. 12, 2012). To the extent that plaintiff seeks to bring an action pursuant to 18 U.S.C. §§ 241 and 242, those claims are dismissed, with prejudice.  *See Montes v. O'Shea*, No. 1:21-CV-303 (DNH/ATB), 2021 WL 1759853, at *3 (N.D.N.Y. Apr. 6, 2021) ("[b]oth of these federal statutes provide for criminal penalties, and there is no language in either which explicitly authorizes, or implies, a private right of action") (citations omitted), *report and recommendation adopted*, 2021 WL 1758858 (N.D.N.Y. May 4, 2021).

In light of plaintiff's clear explanation that his intention is to file a criminal complaint, the complaint is dismissed with prejudice because a better pleading could not cure the deficiency in plaintiff's claims.

---

[3] The Clerk of the Court is directed to annex plaintiff's letter (Dkt. No. 3) as an exhibit to the complaint (Dkt. No. 1).

### IV. CONCLUSION

Therefore, it is

ORDERED that

1. The Clerk of the Court shall annex plaintiff's letter (Dkt. No. 3) to the complaint (Dkt. No. 1);

2. Plaintiff's IFP Application (Dkt. No. 9) is **DENIED** pursuant to 28 U.S.C. § 1915(g) because plaintiff has three "strikes" and is not entitled to the "imminent danger" exception;

3. Plaintiff's motion to consolidate (Dkt. No. 8) is **DENIED**;

4. This action is **DISMISSED** with prejudice for failure to state a claim upon which relief may be granted;

5. The Clerk is directed to terminate all of the defendants and close this case;

6. The Clerk of the Court shall serve a copy of this Decision and Order on plaintiff in accordance with the Local Rules of Practice.

IT IS SO ORDERED.

Dated: April 25, 2023
       Utica, New York.

United States District Judge

11